1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO REY GOMEZ, | 1:10-cv—01538-SKO-HC |
| Petitioner, | ORDER DIRECTING THE SUBSTITUTION OF GERALD JANDA, WARDEN, AS RESPONDENT |
| v. | ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1) AND DIRECTING THE ENTRY OF JUDGMENT FOR RESPONDENT |
| GERALD JANDA, Warden, | |
| Respondent. | |
| | ORDER DENYING PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING (DOC. 19) |
| | ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on September 2, 2010 (doc. 5), and on behalf of Respondent on January 25, 2011 (doc.

1  10).  Pending before the Court is the petition, which was filed

2  on August 26, 2010.  Respondent filed an answer on March 9, 2011,

3  and Petitioner filed a traverse on May 16, 2011.

4        I.   Jurisdiction

5        Because the petition was filed after April 24, 1996, the

6  effective date of the Antiterrorism and Effective Death Penalty

7  Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh

8  v. Murphy, 521 U.S. 320, 327 (1997); Furman v. Wood, 190 F.3d

9  1002, 1004 (9th Cir. 1999).

10       A district court may entertain a petition for a writ of

11 habeas corpus by a person in custody pursuant to the judgment of

12 a state court only on the ground that the custody is in violation

13 of the Constitution, laws, or treaties of the United States.  28

14 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

15 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13,

16 16 (2010) (per curiam).  The Court has subject matter

17 jurisdiction over the petition because Petitioner claims to have

18 suffered violations of his constitutional rights in the course of

19 the proceedings resulting in his conviction.  Further, the

20 challenged judgment was rendered by the Superior Court of the

21 State of California for the County of Kings (KCSC), which is

22 located within the territorial jurisdiction of this Court.  28

23 U.S.C. §§ 84(b), 2254(a), 2241(a), (d).

24       An answer was filed on behalf of Respondent Raul Lopez, who

25 was the warden of the Petitioner's institution of confinement at

26 the time the petition was filed.  Petitioner has thus named as a

27 respondent a person who had custody of the Petitioner within the

28 meaning of 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing

                                2

Section 2254 Cases in the United States District Courts (Habeas Rules).  See, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Accordingly, this Court has jurisdiction over the subject matter of this action and over the Respondent.

## II.  Substitution of Respondent

Fed. R. Civ. P. 25(d) provides that an action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending; rather, the officer's successor is automatically substituted as a party.  The rule further provides that a court may at any time order substitution, but the absence of such an order does not affect the substitution.

After the petition and answer were filed, Petitioner was transferred to the Calipatria State Prison.  The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that Gerald Janda is presently acting as warden of the Calipatria State Prison.  Accordingly, it will be ordered that Gerald Janda, Warden, be substituted as Respondent.

## III.  Procedural Summary

On December 18, 2008, pursuant to his plea of no contest, Petitioner was convicted in case number 08CM7532 in the KCSC of possession of a sharp instrument in prison in violation of Cal. Pen. Code § 4502(a) and assault of a prisoner with a deadly weapon in violation of Cal. Pen. Code § 4501.  Petitioner was sentenced to a six-year prison term.  (LD 4.)[1]

Following an appeal, Petitioner's conviction was affirmed by the Court of Appeal of the State of California, Fifth Appellate

---

[1] "LD" refers to documents lodged by Respondent in support of the answer.

District (CCA), although the CCA ordered correction of the abstract of judgment to avoid a problem with the computation of conduct credits.  (LD 3, 2.)

On December 11, 2008, Petitioner filed a petition for writ of habeas corpus in the trial court, which was denied.  (LD 6, LD 7.)

On July 14, 2009, Petitioner filed a petition for writ of habeas corpus in the CCA, which was denied summarily without a statement of reasoning or authority.  (LD 8, LD 9.)

On January 20, 2009, Petitioner filed a petition for writ of habeas corpus in the KCSC; the KCSC denied the petition.  (LD 10-11.)

On February 16, 2010, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (LD 12.)  The petition was denied on August 11, 2010.  (LD 13.)  The order of denial stated as follows:

> The petition for writ of habeas corpus is denied.  (See In re Robbins (1998) 18 Cal.4th 770, 780; In re Clark (1993) 5 Cal.4th 750.)  George, C.J., was absent and did not participate.

(Id.)

IV.   Statement of Facts

The facts of Petitioner's substantive offenses are not set forth in the record, but the allegations of the accusatory pleading reflect that Petitioner was charged with possessing and carrying a sharp instrument on July 18, 2008, while in custody, in violation of Cal. Pen. Code § 4502(a) (count 1) and committing on July 26, 2008, an assault upon another inmate by means of force likely to produce great bodily injury in violation of Cal. Pen. Code § 4501 (count 2).  (CT 1.)  Petitioner alleged he

4

suffered the following prior convictions of serious or violent

felonies or juvenile adjudications within the meaning of Cal.

Pen. Code §§ 1170.12(a) through (d) and 667(b) through (i): on

December 1, 2006, in case number FSB14849 in the San Bernardino

County Superior Court, voluntary manslaughter in violation of

Cal. Pen. Code § 192(A), as well as attempted voluntary

manslaughter in violation of Cal. Pen. Code §§ 664 and 192(A).

(Id. at 2.)  Petitioner waived time for a preliminary hearing in

order to permit further review of discovery.  (Id. at 13.)

On December 18, 2008, Petitioner appeared in the KCSC with

his counsel and entered pleas of no contest to counts 1 and 2,

with agreement that count 2 was the controlling term; the agreed

sentence was a mitigated term of two years on count 2, doubled by

a single strike allegation to four years, plus one-third of a

three-year middle term for the subordinate count 1, or one year,

doubled by the strike for two years, amounting to a total of six

years.  Petitioner admitted the first alleged prior conviction,

and the parties agreed that because both prior convictions arose

out of the same incident and conduct, they would be treated as

one strike; the prosecutor agreed to strike one of the prior

convictions.  (1 RT 2-4, 10-12.)

Petitioner stated that he had sufficient time to discuss the

case with his attorney, he had given his attorney all the facts

about his case, he understood the nature of the charges and

possible defenses, and he understood the maximum penalty he could

receive.  (Id. at 4, 6.)  He told the Court that no one had

threatened him or promised him anything to get him to enter the

plea.  (Id. at 5.)  It was stipulated that a factual basis for

the offenses was contained in reports prepared by the California

Department of Corrections, which counsel confirmed that he had

reviewed.  (Id. at 8-9.)  Petitioner requested immediate

sentencing.  (Id. at 11-12.)

V.  Standard of Decision and Scope of Review

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the
judgment of a State court shall not be granted
with respect to any claim that was adjudicated
on the merits in State court proceedings unless
the adjudication of the claim-

(1) resulted in a decision that was contrary to,
or involved an unreasonable application of, clearly
established Federal law, as determined by the
Supreme Court of the United States; or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light
of the evidence presented in the State court
proceeding.

Clearly established federal law refers to the holdings, as

opposed to the dicta, of the decisions of the Supreme Court as of

the time of the relevant state court decision.  Cullen v.

Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v.

Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S.

362, 412 (2000).

A state court's decision contravenes clearly established

Supreme Court precedent if it reaches a legal conclusion opposite

to, or substantially different from, the Supreme Court's or

concludes differently on a materially indistinguishable set of

facts.  Williams v. Taylor, 529 U.S. at 405-06.  The state court

need not have cited Supreme Court precedent or have been aware of

it, "so long as neither the reasoning nor the result of the

state-court decision contradicts [it]."  Early v. Packer, 537

6

1  U.S. 3, 8 (2002).

2       A state court unreasonably applies clearly established

3  federal law if it either 1) correctly identifies the governing

4  rule but applies it to a new set of facts in an objectively

5  unreasonable manner, or 2) extends or fails to extend a clearly

6  established legal principle to a new context in an objectively

7  unreasonable manner. Hernandez v. Small, 282 F.3d 1132, 1142

8  (9th Cir. 2002); see, Williams, 529 U.S. at 407.

9       An application of clearly established federal law is

10 unreasonable only if it is objectively unreasonable; an incorrect

11 or inaccurate application is not necessarily unreasonable.

12 Williams, 529 U.S. at 410. A state court's determination that a

13 claim lacks merit precludes federal habeas relief as long

14 fairminded jurists could disagree on the correctness of the state

15 court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct.

16 770, 786 (2011). Even a strong case for relief does not render

17 the state court's conclusions unreasonable. Id. To obtain

18 federal habeas relief, a state prisoner must show that the state

19 court's ruling on a claim was "so lacking in justification that

20 there was an error well understood and comprehended in existing

21 law beyond any possibility for fairminded disagreement." Id. at

22 786-87. The standards set by § 2254(d) are "highly deferential

23 standard[s] for evaluating state-court rulings" which require

24 that state court decisions be given the benefit of the doubt, and

25 the Petitioner bear the burden of proof. Cullen v. Pinholster,

26 131 S.Ct. at 1398. Further, habeas relief is not appropriate

27 unless each ground supporting the state court decision is

28 examined and found to be unreasonable under the AEDPA. Wetzel v.

7

1   <u>Lambert</u>, --U.S.--, 132 S.Ct. 1195, 1199 (2012).

2        In assessing under section 2254(d)(1) whether the state

3   court's legal conclusion was contrary to or an unreasonable

4   application of federal law, "review... is limited to the record

5   that was before the state court that adjudicated the

6   claim on the merits." <u>Cullen v. Pinholster</u>, 131 S.Ct. at 1398.

7   Evidence introduced in federal court has no bearing on review

8   pursuant to § 2254(d)(1).  <u>Id.</u> at 1400.  Further, 28 U.S.C.

9   § 2254(e)(1) provides that in a habeas proceeding brought by a

10  person in custody pursuant to a judgment of a state court, a

11  determination of a factual issue made by a state court shall be

12  presumed to be correct; the petitioner has the burden of

13  producing clear and convincing evidence to rebut the presumption

14  of correctness.  A state court decision on the merits and based

15  on a factual determination will not be overturned on factual

16  grounds unless it was objectively unreasonable in light of the

17  evidence presented in the state proceedings.  <u>Miller-El v.</u>

18  <u>Cockrell</u>, 537 U.S. 322, 340 (2003).

19        VI.  <u>Ineffective Assistance of Counsel</u>

20        Petitioner argues that his trial counsel failed diligently

21  to investigate and to present evidence critical to Petitioner's

22  innocence.  Petitioner indicates that the omitted evidence

23  includes his appeal of a guilty finding in a prison disciplinary

24  proceeding.  Petitioner was found guilty of having possessed a

25  weapon on July 18, 2008, in connection with the same conduct that

26  formed the basis for his prosecution in the KCSC for possession

27  of a sharp instrument in prison in violation of Cal. Pen. Code

28  § 4502(a) (count 1).  (Pet., doc. 1, 16-18.)  A second level

appeal response dated October 15, 2008, reflects that Petitioner contended that the instrument in question was a toothbrush and nail clipper that had never been sharpened or altered to a tip; thus, Petitioner argued that the finding should be modified to possession of dangerous property instead of possession of a weapon.  (Id. at 16.)  The appeal was partially granted, and the finding was modified to possession of dangerous contraband on the ground that "the fact that the toothbrush was melted at one end with an unsharpened nail clipper fashioned to it does not rise to the charge of Possession of a Weapon."  (Id.)

Petitioner further argues that his right to the effective assistance of counsel was violated by counsel's failure to make Petitioner aware of his fundamental rights in connection with his guilty plea and/or plea statement.  Petitioner contends he had only one prior violent felony conviction.  He points to a copy of the abstract of judgment and prison commitment in the case of his prior convictions, San Bernardino County case number FSB14849, which reflects that he pled guilty and was convicted on December 1, 2006, of having committed in 1997 one count of voluntary manslaughter in violation of Cal. Pen. Code § 192(A) (count 1), one count of attempted voluntary manslaughter in violation of Cal. Pen. Code §§ 664 and 192(A) (count 2), and having personally used a firearm in the commission or attempted commission of both felonies in violation of Cal. Pen. Code § 12022.5(a) (both counts 1 and 2).  (Id. at 12-13.)  Petitioner alleges that counsel threatened that he would receive twenty-five years to life under the Three Strikes Law for his prior convictions if he did not enter a plea to the charges.

Petitioner cites to a copy of the KCSC's order of March 17, 2009, denying Petitioner's habeas petition, in support of his assertion that counsel mistakenly informed him of the possible punishment he faced at the time of the entry of the plea. (Id. at 9-11.)  In that order, the KCSC set forth the legal standards governing claims of ineffective assistance of counsel, citing Strickland v. Washington, 466 U.S. 668, 691 (1984).  (Id. at 10.) The KSCS then stated in pertinent part:

> In this case, neither the petition nor the Transcripts from Kings County Superior Court Case No. 08CM7532 substantiate Petitioner's claims.  In addition, the court notes that (1) at the time he voluntarily entered his pleas to the charges in Case No. 08CM7532, Petitioner was aware of the finding set forth in the Second Level Appeal Response (CSPC-5-08-04193), and (2) [Petitioner's trial counsel] accurately informed Petitioner that if he went to trial he could be found guilty and receive a sentence of 25 years to life.
> ....
> Based upon the foregoing, IT IS HEREBY ORDERED, the petition is denied.  The denial is without prejudice to Petitioner's right to file a new petition concerning administratively exhausted claims of action or inaction on the part of Respondent.

(Id. at 10-11.)  Contrary to Petitioner's assertion, a review of this denial order reflects that the KCSC expressly characterized as accurate counsel's advice to Petitioner that he faced a maximum sentence of twenty-five years to life if found guilty. (Id. at 11.)

Reference to the clerk's transcript shows that Petitioner was advised of, and understood, the consequences and maximum punishment for the crime.  (CT 16.)  The reporter's transcript of the plea proceedings held on December 18, 2008, reflects Petitioner's affirmative response to the court's question concerning his understanding of the maximum penalty he could receive, as well as Petitioner's admission of one of the two

10

1   prior convictions or "strikes" that were alleged after the court

2   and Petitioner's counsel discussed the "969(b) packet" that

3   contained the abstract of judgment for the manslaughter

4   conviction.  (RT Dec. 18, 2008, 3-4.)  The prosecutor agreed to

5   strike one of the prior convictions.  (Id. at 4.)

6          A.   Procedural Default

7        Respondent argues that this Court should not review the

8   claims Petitioner raises in the petition because Petitioner's

9   presentation of the claims to the CSC was untimely.  In its order

10  of August 11, 2010, the CSC denied the petition citing to In re

11  Robbins, 18 Cal.4th 770, 780 (1998) and In re Clark, 5 Cal.4th

12  750 (1993).  A denial with a citation to these two cases

13  constitutes a denial based on untimeliness.  See, Walker v.

14  Martin - U.S. -, 131 S.Ct. 1120, 1126-27 (2011).  Thus, the CSC

15  expressly ruled that petitioner's petition raising his

16  ineffective assistance claims was untimely.

17       The doctrine of procedural default is a specific application

18  of the more general doctrine of independent state grounds.  It

19  provides that when state court decision on a claim rests on a

20  prisoner's violation of either a state procedural rule that bars

21  adjudication of the case on the merits or a state substantive

22  rule that is dispositive of the case, and the state law ground is

23  independent of the federal question and adequate to support the

24  judgment such that direct review in the United States Supreme

25  Court would be barred, the prisoner may not raise the claim in

26  federal habeas absent a showing of cause and prejudice or that a

27  failure to consider the claim will result in a fundamental

28  miscarriage of justice.  Walker v. Martin, 131 S.Ct. at 1127

1  (2011); <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30 (1991); <u>Bennett</u>
2  <u>v. Mueller</u>, 322 F.3d 573, 580 (9th Cir. 2003); <u>Wells v. Maass</u>, 28
3  F.3d 1005, 1008 (9th Cir. 1994).  The doctrine applies regardless
4  of whether the default occurred at trial, on appeal, or on state
5  collateral review.  <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451
6  (2000).

7       In California, decisional law requires habeas petitioners to
8  allege with specificity the absence of substantial delay in
9  filing a petition, good cause for any delay, or eligibility for
10 one of four exceptions to the time bar.  <u>Walker v. Martin</u>, 131
11 S.Ct. at 1128.  The four exceptions permitting consideration of
12 an untimely petition include cases where 1) an error of
13 constitutional magnitude led to a trial that was so fundamentally
14 unfair that absent the error, no reasonable judge or jury would
15 have convicted the petitioner; 2) the petitioner is actually
16 innocent of the crime or crimes of which the petitioner was
17 convicted; 3) the death penalty was imposed by a sentencing
18 authority that had such a grossly misleading profile of the
19 petitioner before it that, absent the trial error or omission, no
20 reasonable judge or jury would have imposed a sentence of death;
21 or 4) the petitioner was convicted or sentenced under an invalid
22 statute.  <u>Id.</u> at 1128 n.5.

23      California's timeliness rule, as set forth in <u>In re Clark</u>, 5
24 Cal.4th 750 (1993) and <u>In re Robbins</u>, 18 Cal.4th 770 (1998), is
25 adequate because it is firmly established and regularly followed
26 despite a state court's ability to bypass the timeliness
27 assessment and determine the case on the merits if that is the
28 easier path, and even though outcomes might be uncertain because

1  of variance from case to case. <u>Walker v. Martin</u>, 131 S.Ct. at

2  1126, 1128-30 (concerning application of the bar in 2002).

3      California's timeliness rule, as expressed in <u>In re Clark</u>, 5

4  Cal.4th 750 (1993) and <u>In re Robbins</u>, 18 Cal.4th 770 (1998) is

5  independent because as of the date of decisions, the rule was

6  applied without any entanglement with federal law. <u>Bennett v.</u>

7  <u>Mueller</u>, 322 F.3d 573, 581-83 (9th Cir. 2003).

8      Accordingly, the Court concludes that Petitioner's

9  procedural default bars federal review of his claims unless

10 Petitioner can show cause and prejudice, or a miscarriage of

11 justice. However, the Court exercises its discretion to conserve

12 judicial resources by considering the merits of Petitioner's

13 claims instead of proceeding further to consider exceptions to

14 procedural default. <u>See</u>, <u>Franklin v. Johnson</u>, 290 F.3d 1223, 1232

15 (9th Cir. 2002).

16     Here, Petitioner's claims were denied by the California

17 Supreme Court solely on the grounds of untimeliness, and thus the

18 state court did not reach the merits of Petitioner's claim

19 concerning a denial of his Sixth and Fourteenth Amendment rights

20 to counsel. <u>See</u>, <u>Williams v. Ryan</u>, 2010 WL 3768151, *7 (No.

21 05cv0737-WQH (Wmc), S.D.Cal. Sept. 21, 2010) (unpublished); <u>Arenz</u>

22 <u>v. Giurbino</u>, 2009 WL 772912, *4 (No. CV 05-06624 GW (AN),

23 C.D.Cal. March 20, 2009) (unpublished).

24     Where a claim has not been adjudicated on the merits,

25 AEDPA's deferential standard of review does not apply; rather,

26 the district court must review the claim <u>de novo</u> and must review

27 the record independently with regard to the claim. <u>Pirtle v.</u>

28 <u>Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002). The federal court

13

will review <u>de</u> <u>novo</u> purely legal issues and mixed questions of law and fact where the claim has been properly preserved by the defendant and the state court has not reached merits of a claim; however, factual determinations by the state court remain subject to the presumption that they are correct and can be rebutted only by clear and convincing evidence.  <u>Pirtle v. Morgan</u>, 313 F.3d at 1167-68.

> B.   <u>Legal Standards Governing Ineffective Assistance of Counsel</u>

The law governing claims concerning ineffective assistance of counsel is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  <u>Premo v. Moore</u>, –U.S. –, 131 S.Ct. 733, 737-38 (2011); <u>Canales v. Roe</u>, 151 F.3d 1226, 1229 n.2 (9th Cir. 1998).

To demonstrate ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments, a convicted defendant must show that 1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all the circumstances of the particular case; and 2) unless prejudice is presumed, it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-94 (1984); <u>Lowry v. Lewis</u>, 21 F.3d 344, 346 (9th Cir. 1994).  A petitioner must identify the acts or omissions of counsel that are alleged to have been deficient.  <u>Strickland</u>, 466 U.S. at 690.  This standard is the same standard that is applied on direct appeal and in a motion for a new trial.  <u>Id.</u> at 697-98.

In determining whether counsel's conduct was deficient, a

1  court should consider the overall performance of counsel from the

2  perspective of counsel at the time of the representation.

3  Strickland, 466 U.S. at 689.  There is a strong presumption that

4  counsel's conduct was adequate and within the exercise of

5  reasonable professional judgment and the wide range of reasonable

6  professional assistance.  Id. at 688-90.  The challenger's burden

7  is to show "that counsel made errors so serious that counsel was

8  not functioning as the 'counsel' guaranteed the defendant by the

9  Sixth Amendment."  Id. at 687.

10      In determining prejudice, a reasonable probability is a

11  probability sufficient to undermine confidence in the outcome of

12  the proceeding.  Strickland, 466 U.S. at 694.  In the context of

13  a trial, the question is thus whether there is a reasonable

14  probability that, absent the errors, the fact finder would have

15  had a reasonable doubt respecting guilt.  Id. at 695.  This Court

16  must consider the totality of the evidence before the fact finder

17  and determine whether the substandard representation rendered the

18  proceeding fundamentally unfair or the results thereof

19  unreliable.  Id. at 687, 696.

20          C.  Analysis

21      Here, with respect to Petitioner's claim that counsel failed

22  to investigate, discover, and present evidence concerning

23  Petitioner's disciplinary proceeding, the fact that the object

24  possessed by Petitioner was considered insufficient to constitute

25  a "weapon" under state regulations that governed in a prison

26  disciplinary proceeding was not determinative of the issue of

27  whether it constituted a "sharp instrument" under Cal. Pen. Code

28  § 4502, which pursuant to state law must be sharp or pointed, but

need not have a cutting blade.  See, <u>People v. Hayes</u>, 171

Cal.App.4th 549, 560 (2009).  This Court is bound by the state

courts' interpretation of state law.  <u>Estelle v. McGuire</u>, 502

U.S. 62, 67-68 (1991).

Further, Petitioner has not shown that counsel's action in

advising Petitioner to plead to the charges was not the result of

sound or reasonable trial strategy.  According to the state

court, Petitioner faced a sentence of twenty-five years to life

if he had been convicted on all charges; however, Petitioner

avoided the lengthy sentence by entering into the plea agreement.

Even assuming counsel engaged in substandard conduct by

failing to present evidence of the disciplinary finding to the

trial court, Petitioner has not shown that he suffered any

prejudice.  The state court expressly found that Petitioner was

aware of the finding and modification made in the second level

appeal response at the time he entered his plea.  (LD 11 at 2.)

Petitioner does not dispute this finding.  Thus, Petitioner has

not shown prejudice resulting from counsel's conduct: despite

Petitioner's knowledge of the result in the disciplinary

proceeding, Petitioner entered a plea and avoided an

indeterminate sentence.  Petitioner has not shown the probability

of any difference in the result.

With respect to Petitioner's claim that his counsel was

ineffective for giving incorrect advice regarding the sentence he

faced if convicted of all charges, the KCSC expressly found that

counsel "accurately informed Petitioner that if he went to trial

he could be found guilty and receive a sentence of 25 years to

life." (LD 11, 2.)  To the extent that this finding is a factual

1  finding, it is presumed correct pursuant to 28 U.S.C.

2  § 2254(e)(1).  To the extent that it is a statement of state law,

3  this Court is bound by the California Supreme Court's

4  interpretation of California law unless it is determined that the

5  interpretation is clearly untenable and amounts to a subterfuge

6  to avoid federal review of a deprivation by the state of rights

7  guaranteed by the Constitution.  See, Mullaney v. Wilbur, 421

8  U.S. 684, 691 n.11 (1975); Murtishaw v. Woodford, 255 F.3d 926,

9  964 (9th Cir. 2001).  No evidence indicates that this finding was

10  incorrect factually or legally or that there is any subterfuge to

11  avoid federal review.

12      Further, the record is consistent with the state court's

13  conclusion.  As previously noted, the abstract of judgment from

14  the previous case reflects not one, but rather two separate

15  convictions: manslaughter and attempted manslaughter.  Finally,

16  as the prosecutor explained during the plea colloquy, one of the

17  priors was stricken pursuant to People v. Benson, 18 Cal.4th 24

18  (1998) based on a single course of conduct.  (RT 11.)  In People

19  v. Benson, the court held that even though two prior convictions

20  arose out of the same set of facts, and thus one sentence on one

21  prior conviction was stayed pursuant to Cal. Pen. Code § 654,

22  each of the two prior convictions would nevertheless qualify as a

23  "strike."  Id. at 26-27.  Thus, it appears that Petitioner

24  suffered two qualifying prior "strike" convictions.

25      Therefore, Petitioner has failed to show any substandard

26  conduct on the part of counsel, and has also failed to show that

27  any prejudice resulted from counsel's advice.  One of

28  Petitioner's prior convictions was stricken, and Petitioner

17

avoided a sentence of twenty-five years to life.  Petitioner has
not shown that there is a reasonable probability that, but for
counsel's errors, the result of the proceeding would have been
different.

 After a <u>de novo</u> review of Petitioner's claim, the Court
concludes that no showing of prejudicial ineffective assistance
of counsel has been made.  Accordingly, Petitioner's ineffective
assistance of counsel claims will be denied.

 VII.  <u>Brady Claim</u>

 Petitioner argues that the prison investigative services
unit failed to submit to the Kings County prosecutor the second
level appeal response in the prison disciplinary proceedings,
which reflected a modification of the disciplinary finding to
possession of dangerous contraband, and thereby violated <u>Brady v.
Maryland</u>, 373 U.S. 83, 87 (1963).

 The <u>Brady</u> claim was raised before the California Supreme
Court, which denied the petition as untimely.  (LD 12, LD 13.)
This Court will exercise its discretion to consider the claim to
conserve judicial resources and will undertake <u>de novo</u> review of
the claim.

 A.  <u>Legal Standards</u>

 The Due Process Clause of the Fifth and Fourteenth
Amendments imposes upon the prosecution a duty to disclose to an
accused evidence in its possession that is favorable to the
accused if it is material either to guilt of punishment.  <u>Brady
v. Maryland</u>, 373 U.S. 83, 87-88 (1963).  The prosecution violates
its constitutional duty to disclose to the defense material
exculpatory evidence where, regardless of whether the defense

18

1  requested the evidence, 1) the evidence was favorable to the
2  accused because it was either exculpatory or impeaching; 2) the
3  evidence was suppressed by the government either willfully or
4  inadvertently; and 3) prejudice results from the failure to
5  disclose. Strickler v. Greene, 527 U.S. 263, 280 (1999).

6       Evidence is material in this context if there is a
7  reasonable probability that, had the evidence been disclosed to
8  the defense, the result of the proceeding would have been
9  different. Kyles v. Whitley, 514 U.S. 419, 433-34 (1995).  A
10 reasonable probability of a different result is shown when the
11 government's evidentiary suppression undermines confidence in the
12 outcome of the trial. United States v. Bagley, 473 U.S. 667, 678
13 (1985).  Although each item of undisclosed evidence must be
14 evaluated, the cumulative effect of all suppressed evidence is
15 evaluated for purposes of materiality. Kyles, 514 U.S. at 436-
16 37.

17       B.  Analysis

18       Here, the state court found that Petitioner knew about the
19 modification of the disciplinary finding at the time he
20 voluntarily entered his plea. (LD 11, 1.)  Accordingly, he could
21 have informed counsel.  Where a petitioner could have obtained
22 the information by himself but fails to do so, it belies an
23 assertion of prejudicial effect. See, Sanchez-Llamas v. Oregon,
24 548 U.S. 331, 359 (2006) (noting that with respect to Brady
25 claims, "it is impossible for a defendant to know as a factual
26 matter that a violation occurred before the exculpatory evidence
27 is disclosed"); United States v. Agurs, 427 U.S. 97, 103 (1976)
28 (noting that Brady arguably applies in various situations, each

19

of which involves the post-trial discovery "of information which had been known to the prosecution but unknown to the defense"); Gentry v. Sinclair, 705 F.3d 884, 905-906 (9th Cir. 2013) (noting the requirement of United States v. Agurs, 427 U.S. at 103, that Brady material be unknown to the defense, and further that undisclosed evidence of the previous termination of a testifying law enforcement officer was not material in part because trial counsel had examined the law enforcement officer regarding the officer's lying in connection with a search warrant, and thus counsel knew of the officer's questionable job performance); United States v. Marashi 913 F.2d 724, 733-34 (9th Cir. 1990).

Here, Petitioner knew the information; thus, he could have, or may have, informed his counsel of the information. Such a circumstance is inconsistent with the government's alleged suppression of evidence. Accordingly, Petitioner has not shown that he suffered a Brady violation.

In summary, Petitioner has not shown a constitutional violation or other basis for relief in this proceeding. Thus, the petition for writ of habeas corpus will be denied.

VIII.   Evidentiary Hearing

Petitioner requests an evidentiary hearing in the traverse. (Doc. 19 at 1, 5.)

The decision to grant an evidentiary hearing is generally a matter left to the sound discretion of the district courts. 28 U.S.C. § 2254; Habeas Rule 8(a); Schriro v. Landrigan, 550 U.S. 465, 473 (2007). To obtain an evidentiary hearing in federal court under the AEDPA, a petitioner must allege a colorable claim by alleging disputed facts which, if proved, would entitle him to

20

1  relief.  Schriro v. Landrigan, 550 U.S. at 474.

2       An evidentiary hearing is not required where the state court

3  record resolves the issues, refutes the application's factual

4  allegations, or otherwise precludes habeas relief.  Schriro v.

5  Landrigan, 550 U.S. at 474.  No evidentiary hearing is required

6  for claims based on conclusory allegations.  Campbell v. Wood, 18

7  F.3d 662, 679 (9th Cir. 1994).  Likewise, an evidentiary hearing

8  is not required if the claim presents a purely legal question,

9  there are no disputed facts, or the state court has reliably

10  found the relevant facts.  Beardslee v. Woodford, 358 F.3d 560,

11  585-86 (9th Cir. 2004); Hendricks v. Vasquez, 974 F.2d 1099, 1103

12  (9th Cir. 1992).

13       Here, the state court record before the Court refutes the

14  Petitioner's factual allegations and shows that Petitioner is not

15  entitled to relief on his claims.  Accordingly, Petitioner's

16  request for an evidentiary hearing will be denied.

17       IX.  Certificate of Appealability

18       Unless a circuit justice or judge issues a certificate of

19  appealability, an appeal may not be taken to the Court of Appeals

20  from the final order in a habeas proceeding in which the

21  detention complained of arises out of process issued by a state

22  court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

23  U.S. 322, 336 (2003).  A certificate of appealability may issue

24  only if the applicant makes a substantial showing of the denial

25  of a constitutional right.  § 2253(c)(2).  Under this standard, a

26  petitioner must show that reasonable jurists could debate whether

27  the petition should have been resolved in a different manner or

28  that the issues presented were adequate to deserve encouragement

1   to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

2   (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

3   certificate should issue if the Petitioner shows that jurists of

4   reason would find it debatable whether the petition states a

5   valid claim of the denial of a constitutional right or that

6   jurists of reason would find it debatable whether the district

7   court was correct in any procedural ruling.  Slack v. McDaniel,

8   529 U.S. 473, 483-84 (2000).

9       A court conducts an overview of the claims in the habeas

10  petition, generally assesses their merits, and determines whether

11  the resolution was debatable among jurists of reason or wrong.

12  Id.  The applicant must show more than an absence of frivolity or

13  the existence of mere good faith; however, the applicant need not

14  show that the appeal will succeed.  Miller-El v. Cockrell, 537

15  U.S. at 338.

16      A district court must issue or deny a certificate of

17  appealability when it enters a final order adverse to the

18  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

19      Here, it does not appear that reasonable jurists could

20  debate whether the petition should have been resolved in a

21  different manner.  Petitioner has not made a substantial showing

22  of the denial of a constitutional right.  Accordingly, the Court

23  will decline to issue a certificate of appealability.

24      X.  Disposition

25      Accordingly, it is ORDERED that:

26      1)  Gerald Janda, Warden, is SUBSTITUTED as Respondent; and

27      2)  The petition for writ of habeas corpus is DENIED; and

28      3)  Petitioner's request for an evidentiary hearing is

DENIED; and

    4)  The Clerk is DIRECTED to enter judgment for Respondent; and

    5)  The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:**    **June 4, 2013**                   **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE